C. D. STEWART v. JAMES CLARK AND OWNERS ·OF STEAMER NATCHEZ No. 2.

Plaintiff enclosed an account against defendants to P. & H., (partners,) with instructions to take all necessary steps for the collection of the same. P. made an affidavit for and obtained a sequestration, which was set aside, and plaintiff appealed. *By the Court :* The authority conferred on the agents was that of taking all necessary steps for the collection of the plaintiff's debt. Either of the partners was competent to act for the plaintiff in the matter. The affidavit points to the necessity which existed for the sequestration as a necessary step for the collection of the debt. The plaintiff was not present. Under the statute of 1828, his agent was authorized to make affidavit and give bond.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
    *Chilton & Perkins*, for plaintiff.    *Marks*, for defendants and appellants.

VOORHIES, J.   The plaintiff brought this suit to recover the price of 145 cords of wood sold and delivered to the defendants, the master and owners of the steamer Natchez No. 2, at the rate of $2 50 per cord.   He also claimed a privilege on the steamer and caused her to be sequestered.

The defendants in their answer admitted the purchase of the alleged amount of wood, but averred that the price agreed upon between the parties was $1 75, and not $2 50 per cord as claimed by the plaintiff.

The court below gave judgment in favor of the plaintiff for the amount claimed by him, but ordered the sequestration to be set aside, on the ground that the authority of the plaintiff's agent was insufficient to bind him on the bond.   From which judgment defendants appealed.

In this court the appellees have prayed for the amendment of the judgment in their favor, by reinstating the sequestration of the steamer.

There is no error in the judgment to the prejudice of the appellants.

In relation to the sequestration, it is shown that the plaintiff enclosed his account to the firm of *Payne & Harrison*, with instructions to take all necessary steps for the collection of the same; that *J. A. Payne*, one of the partners of that firm, made an affidavit in which he declared, among other things, that they were the agents of plaintiff, who was absent; that he had good reason to apprehend the said boat would be removed out of the limits of the State before plaintiff could have the benefit of his privilege on the same for the satisfaction of his debt.

We think the Judge *a quo* erred in setting aside the sequestration.   The authority conferred on the agents was that of taking all necessary steps for the collection of the plaintiff's debt.   Either of the partners was competent to act for the plaintiff in the matter.   The affidavit points to the necessity which existed for the sequestration as a necessary step for the collection of the

STEWART
v.
CLARK.

debt. The plaintiff was not present. Under the statute of 1828, his agent was authorized to make affidavit and give bond. Session Acts of 1828, p. 150, § 4; 14 L. R., 92.

It is therefore ordered and decreed, that the judgment of the court below be amended in favor of the appellee; that said appellee recover of the defendants *James Clark* and *Charles Morgan, in solido,* the sum of three hundred and sixty-two dollars and fifty cents, with legal interest from the 26th of December, 1853, till paid; and further, that the sequestration be reinstated, and that said steamer Natchez No. 2 be sold according to law, to satisfy this judgment, the costs of both courts to be borne by the defendants and appellants.